THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
IN ADMIRALTY

XL SPECIALTY INSURANCE COMPANY,

    Plaintiff,

v.                                                                                          CASE NO.:

INLAND CONSTRUCTION AND
ENGINEERING, INC., d/b/a INLAND
CONSTRUCTION AND EQUIPMENT, INC.

    Defendant.

_____/

**COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff, XL SPECIALTY INSURANCE COMPANY ("XL" or "Plaintiff"), by and through its undersigned counsel, hereby files its Complaint seeking the Court's Declaratory Judgment, and states as follows:

**JURISDICTION AND VENUE**

1.  This is an action for Declaratory Relief pursuant to 28 U.S.C. § 2201 and Federal Rule of Civil Procedure 57, in that a present controversy exists between the parties hereto in which the Plaintiff asks this Court to adjudicate and determine the rights of the parties to a contract of marine insurance which is in dispute.

2.  Venue lies within the Northern District of Florida as this cause arises out of a policy of marine insurance delivered by Plaintiff to the insured named therein, the Defendant, INLAND CONSTRUCTION AND ENGINEERING, INC d/b/a INLAND CONSTRUCTION AND EQUIPMENT, INC., residing at 309 East 11th Street, Panama City, Florida 32401 ("Inland Construction").

3.  This is an admiralty and maritime cause within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure, and this Court has jurisdiction pursuant to Title 28 of the United States Code, sec. 1333.

4.  XL is a Delaware corporation with its principal place of business in Connecticut.

5.  Inland Construction is a Florida corporation located and doing business in Florida.

## FACTUAL ALLEGATIONS

6.  On September 16, 2018, XL, in exchange for good and valuable consideration, issued to Inland Construction its Commercial Lines Policy No. UM00026720AMA18A (the "Policy") affording coverage for the period from September 16, 2018 to September 16, 2019 in the amount of $200,000 on the *MISS NELLIE*, a 1982 62.5' towing vessel (the "Vessel").

7.  A true and correct copy of the Policy is attached hereto as **Exhibit "A"**

8.  At the inception of the Policy, the Vessel had been laid up on the hard for an extended period of time for maintenance and/or repair work.

9.  On January 11, 2019, while the Policy was in full force and effect, the Vessel was launched at Steiner Shipyard in Bayou La Batre, Alabama.

10. On the same day, while en route to Gulf Shores, Alabama, the Vessel began taking on water, returned to Bayou La Batre, tied to a dock, and sank.

11. Upon receipt of the first notice of the incident described herein, Plaintiff caused an investigation to be made into the facts and circumstances surrounding the said incident. The said investigation established that the damage sustained by the Vessel was not due to anything of a fortuitous nature and was not an event for which the Policy would afford any coverage.

12. The said investigation established that the Vessel owned was in unseaworthy condition as of the date of the inception of coverage and as of the date and time of the January 11, 2019 incident described herein.

13. Further, Defendant attempted to alter the coverage that it had secured for the Vessel *after* the loss.

14. Defendant breached its duty of utmost good faith to inform its insurer of a material change in the Vessel's risk before the Vessel was launched and suffered a loss.

15. Notwithstanding the facts established by Plaintiff's said investigation, Defendant has made a claim against Plaintiff under the terms of the Policy demanding payment of the full value for which the referenced vessel is insured under the terms of the Policy.

**FIRST CAUSE OF ACTION**

16. Plaintiff incorporates and re-alleges each and every allegation set forth in Paragraphs 1 through 15 as if set forth fully herein.

17. The incident in which Defendant's Vessel sustained damage does not constitute an accidental physical loss for which coverage would be afforded under the Policy.

18. Notwithstanding the lack of any coverage under the Policy, Defendant has made demand upon Plaintiff for payment of the full insured value of the Vessel.

19. As a result of the aforesaid lack of coverage under the Policy, Plaintiff has sustained actual prejudice and seeks the Court's Declaratory Judgment. Until such time as Plaintiff is able to have its rights and responsibilities under the Policy construed by this Court, Plaintiff will suffer uncertainty with respect to its responsibilities and obligations under the Policy.

20. As a result of Defendant's demands for payment, and as a result of the lack of any coverage for the loss under the facts and circumstances described herein, a real and justiciable issue exists with respect to the existence of valuable rights under the Policy, and a *bona fide*, actual and present dispute exists calling for the Court's Declaratory Judgment.

## SECOND CAUSE OF ACTION

21. Plaintiff repeats and re-alleges each and every allegation set forth in Paragraphs 1 through 15 as if set forth fully herein.

22. Plaintiff's policy states, in pertinent part.

**SEAWORTHINESS**

**The Underwriters shall not be liable for any loss, damage or expense arising out of the failure of the Assured to exercise due diligence to maintain the Vessel in a seaworthy condition after attachment of this Policy; the foregoing, however, not to be deemed a waiver of any warranty of seaworthiness implied at law.**

23. The post-incident investigation carried out by Plaintiff established that the Vessel was in unseaworthy condition as of the date of the inception of coverage and at the time of the incident.

24. Defendant was in direct violation of the said express provision set forth in the Policy and therefore was in breach of the duties imposed upon the Defendant.

25. Defendant's breach of the express provision set forth in the Policy renders the Policy void *ab initio* and/or entitles Plaintiff to declare the Policy void.

26. Defendant's breach of the express provision set forth in the Policy permits Plaintiff to avoid liability for the costs of repairing or replacing the Vessel as a result of the incident of January 11, 2019.

27. Notwithstanding the breach of an express provision and the lack of any coverage under the Policy of marine insurance, Defendant has made demand upon Plaintiff for payment of the full value of the Vessel under the Policy.

28. As a result of Defendant's breach of an express provision and the aforesaid lack of coverage under the terms Policy, Plaintiff has sustained actual prejudice and seeks the Court's Declaratory Judgment. Until such time as the Plaintiff is able to have its rights and responsibilities under the Policy construed by this Court, Plaintiff will suffer uncertainty with respect to its responsibilities and obligations under the terms of the Policy.

29. As a result of Defendant's demands for payment under the terms of the Policy, and as a result of the lack of any coverage for the loss under the facts and circumstances described herein, a real and justiciable issue exists with respect to the existence of valuable rights under the Policy, and a *bona fide*, actual and present dispute exists calling for the Court's Declaratory Judgment.

## THIRD CAUSE OF ACTION

30. Plaintiff repeats and re-alleges each and every allegation set forth in Paragraphs 1 through 15 as if set forth fully herein.

31. Plaintiff at all times had a duty of utmost good faith to inform its insurer of a material change in the risk before the Vessel was launched and sustained damage.

32. The post-incident investigation carried out by Plaintiff established that Defendant attempted to alter the coverage it had secured for the Vessel *after* the loss.

33. Defendant breached its duty of utmost good faith to its insurer.

34. Defendant's breach permits Plaintiff to avoid liability for the costs of repairing or replacing the Vessel as a result of the incident of January 11, 2019.

35. Notwithstanding the breach, Defendant has made demand upon Plaintiff for payment of the full value of the Vessel under the Policy.

36. As a result of Defendant's breach and the aforesaid lack of coverage under the Policy, Plaintiff has sustained actual prejudice and seeks the Court's Declaratory Judgment. Until such time as the Plaintiff is able to have its rights and responsibilities under the Policy construed by this Court, Plaintiff will suffer uncertainty with respect to its responsibilities and obligations under the terms of the Policy.

37. As a result of Defendant's demands for payment under the terms of the Policy, and as a result of the lack of any coverage for the loss under the facts and circumstances described herein, a real and justiciable issue exists with respect to the existence of valuable rights under the Policy, and a *bona fide*, actual and present dispute exists calling for the Court's Declaratory Judgment.

WHEREFORE, Plaintiff demands judgment from the Court:

(A) Declaring that the relationship of insurer and insured does not exist between Plaintiff and Defendant as regards the incident of January 11, 2019 in which the Vessel sustained damage;

(B) Declaring that the Policy does not afford coverage to the Defendant for the incident of January 11, 2019 in which the Vessel sustained damage;

(C) Declaring that neither the incident of nor the damage resulting from the incident of January 11, 2019 constitute a sudden, direct and accidental loss;

(D) Declaring that the breach by the Defendant of the Policy's express provision regarding seaworthiness at the inception of the Policy voids the Policy *ab initio*

and relieves the Plaintiff from any and all liability to the said Defendants under the terms of the Policy;

(E)  Declaring that the breach by the Defendant of the policy's express provision regarding the duty to maintain the vessel in seaworthy condition as described herein excludes coverage and relieves the Plaintiff from any and all liability to the said Defendants under the terms of the Policy;

(F)  Declaring that any and all damage sustained by the vessel as a result of the incident of January 11, 2019 is excluded under the Policy;

(G)  Any and all such other and further relief as the Court may deem just and proper.

Dated: November 13, 2019.

Respectfully submitted,

*/s/ Jules V. Massee*
**JULES V. MASSEE**
Florida Bar Number: 41554
jmassee@hamiltonmillerlaw.com
**JENNIFER E. SEIPEL**
Florida Bar Number: 026997
jseipel@hamiltonmillerlaw.com
**BRANDON BUSHWAY**
Florida Bar Number: 1015247
bbushway@hamiltonmillerlaw.com
Hamilton, Miller & Birthisel, LLP
100 S. Ashley Drive, Suite 1210
Tampa, Florida 33602
**E-SERVICE**: JVMserve@hamiltonmillerlaw.com
P: 813-223-1900 / F:  813-223-1933
*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on **November 13, 2019,** the foregoing document is being filed with the State of Florida E-Filing Portal and served on all counsel of record or *pro se* parties identified on the attached Service List via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                                              */s/ Jules V. Massee*
                                              Attorney